NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD FEUERSTACK, on behalf of himself and all others similarly situated,<br>　　　　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>STANLEY WEINER, ESQ. and JOHN DOES 1-25,<br>　　　　　　　　　　　　　Defendant. | Civ. No. 12-04253 (SRC)<br><br>**OPINION** |

**CHESLER,** District Judge

This matter comes before the Court upon two motions for summary judgment, pursuant to Federal Rule of Civil Procedure 56: 1) the motion filed by Defendant Stanley Weiner, Esq. ("Defendant") [ECF No. 35]; and 2) the cross-motion for summary judgment filed by Plaintiff Edward Feuerstack ("Plaintiff") [ECF No. 37]. The motions have been fully briefed, and the Court has opted to rule on the papers submitted, and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, this Court denies in part and grants in part Defendant's motion for summary judgment, and denies Plaintiff's cross-motion for summary judgment.

## BACKGROUND

Plaintiff brings a class action lawsuit pursuant to Rule 23 of the Federal Rules of Civil Procedure, alleging that Defendant sent abusive, deceptive, and unfair debt collection letters to hundreds of people. (Complaint at 1-3). Plaintiff argues that these letters violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

1

Plaintiff received one of Defendant's letters after Dr. William Silver treated the Plaintiff at Good Samaritan Hospital in Suffern, New York.  Dr. Silver charged Plaintiff $1,425.00 for his services, but Plaintiff failed to pay the bill.  To represent him with regard to the unpaid debt, Dr. Silver hired Defendant as his attorney.  On March 28, 2012, Defendant mailed the letter at issue to Plaintiff, seeking to collect Plaintiff's $1,450 debt owed to Defendant's client, Dr. Silver.  Plaintiff alleges that the letter conveyed that a lawsuit had been commenced against him, when no such action had been taken.  (Complaint 6).

The letter appears on Defendant's attorney letterhead and the subject line states "Re: William Silver, M.D. v. Edward Feuerstack."  (ECF No. 35-13).  The letter reads as follows:

> Dear Mr. Feuerstack:
>
> I am the attorney for William Silver, M.D. in regard to the above-entitled matter, who advises me that there is presently the sum of $1,450.00 due my client, representing the amount due with regard to services rendered, as appears by the verification of the debt annexed hereto.
>
> Unless, within thirty days after you receive this notice, you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid.
>
> A lawsuit may be started if you do not make payment or satisfactory payment arrangements.  Such legal action will result in additional expenses to you which may include court costs, Sheriff's fees, Process Server fees, and other disbursements of a like nature.
>
> All checks, bank checks, or money orders should be forwarded directly to this firm and made payable to STANLEY WEINER, As Attorney.  Please give this matter your immediate attention.
>
> Sincerely yours,
> STANLEY WEINER
>
> This office is attempting to collect a debt from you. Any information obtained will be used for that purpose.

(ECF No. 35-13).  Defendant attached an invoice from Dr. Silver, verifying the amount due and the creditor's name.  (ECF No. 35-13).

2

In his Complaint, Plaintiff specifically alleges that Defendant, through his letter, engaged in three distinct kinds of conduct prohibited by the FDCPA: (1) falsely representing the legal status of a debt by insinuating that Defendant had already initiated a lawsuit, (2) threatening litigation in New Jersey when Defendant was not admitted to practice law in New Jersey, and (3) failing to follow the proper notice requirements under the Act.  Plaintiff raises claims pursuant to 15 U.S.C. §§ 1692d, 1692e, 1692f, 1692g and 1692j.  Defendant moves for summary judgment under Federal Rule of Civil Procedure 56(b).  In response, Plaintiff cross-moves for summary judgment.

## ANALYSIS

### I.     Legal Standard

The standard upon which a court must evaluate a summary judgment motion is well established.  Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Kreschollek v. S. Stevedoring Co.,* 223 F.3d 202, 204 (3d Cir. 2000).  A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit.  *Anderson,* 477 U.S. at 248.  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'"  *Marino v. Indus. Crating Co.,* 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson,* 477 U.S. at 255).  The moving party bears the burden of establishing that no genuine issue of material fact remains.  *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).

In this case, both Plaintiff and Defendant have moved for summary judgment. The showing required of Plaintiff and Defendant to establish that there is no genuine issue of material fact differs based on which party bears the burden of proof at trial. Plaintiff bears that burden on the claims that remain active in this case. Thus, for Plaintiff to obtain summary judgment on his claims, he must show that, on all the essential elements of the case on which he bears the burden of proof at trial, no reasonable jury could find for Defendant. *In re Bressman,* 327 F.3d 229, 238 (3d Cir. 2003). In contrast, to prevail on their motion for summary judgment, Defendant must point out to the district court "that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 325.

Once the moving party has properly supported that there is no triable issue of fact, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson,* 477 U.S. at 248; *see also* Fed.R.Civ.P. 56(c) (setting forth types of evidence on which nonmoving party must rely to support its assertion that genuine issues of material fact exist). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorporation,* 912 F.2d 654, 657 (3d Cir. 1990). "[T]he nonmoving party creates a genuine issue of material fact if it provides sufficient evidence to allow a reasonable jury to find for him at trial." *Brewer v. Quaker State Oil Ref. Corp.*, 72 F.3d 326, 330 (3d Cir. 1995) (quoting *Anderson,* 477 U.S. at 248). If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine

issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.,* 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex,* 477 U.S. at 322–23).

## II.     The FDCPA

Congress enacted the FDCPA in 1977 to address "abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692a. The Act provides consumers with a private cause of action against debt collectors who fail to comply with the Act. 15 U.S.C. §1692k. Because the FDCPA is a remedial statute, the Third Circuit construes its language broadly, so as to effect its purpose. *See Brown v. Card Service Center*, 464 F.3d 450, 453 (3d Cir. 2006). Thus, in determining whether a debt collector's communication with a debtor violates the FDCPA, the court must analyze the communication from the perspective of the "least sophisticated debtor." *See Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991). This standard is meant "to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon v. Jackson*, 998 F.2d 1314, 1318 (2d Cir. 1993).

"The least sophisticated debtor standard requires more than simply examining whether particular language would deceive or mislead a reasonable debtor because a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor." *Brown*, 464 F.3d at 454 (citing *Quadramed,* 225 F.3d at 354) (internal quotation marks and citation omitted). Thus, "[t]he FDCPA requires that collection letters must present certain information in a non-confusing manner." *Morse v. Kaplan*, 468 F. App'x 171, 172 (3d Cir. 2012). A debt collector's communication with a debtor is considered deceptive under the Act if "it can be reasonably read to have two or more different meanings, one of which

5

is inaccurate." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 222 (3d Cir. 2008). While the least sophisticated debtor standard protects naïve consumers, "it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Quadramed*, 225 F.3d at 354-355. "Even the least sophisticated debtor is bound to read collection notices in their entirety." *Campuzano-Burgos v. Midland Credit Mgmt.*, 550 F. 3d 294, 299 (3d Cir. 2008).

### III. The Cross-Motions for Summary Judgment

#### a. False Representation that a Lawsuit was Filed

Plaintiff claims that Defendant violates § 1692e, § 1692d, § 1692f, and § 1692j because Defendant's letter gave a false impression that a lawsuit had been filed against Plaintiff. Plaintiff argues that Defendant used his position as an attorney to make confusing statements about the status of the litigation in an attempt to collect the debt. (Complaint at 8). Defendant, on the other hand, moves for summary judgment, arguing that his letter complied with the FDCPA and did not make a false representation that a lawsuit had already been filed. Plaintiff cross-moves.

##### 1. Section 1692e

Section 1692e states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The statute enumerates a non-exhaustive list of specific practices that are considered "false or misleading." Plaintiff claims that Defendant engaged in three of these specific practices: (1) falsely representing "the character, amount or legal status of any debt" in violation of 15 U.S.C. § 1692e(2)(a); (2) threatening "to take any action that cannot legally be taken or that is not intended to be taken" in violation of 15 U.S.C. § 1692e(5); and (3) using a "false representation or deceptive means to collect or attempt to collect any debt or to obtain

6

information concerning a consumer" in violation of 15 U.S.C. § 1692e(10).[1] Plaintiff argues that Defendant's use of attorney letterhead and the subject line "Re: William Silver, M.D. v. Edward Feuerstack" was misleading because it deceived Plaintiff into believing that a lawsuit had been initiated against him when no such action had been taken. (Complaint at 6). He argues that the letter contains "contradictory and confusing language" about the status of litigation when it states: "a lawsuit *may* be started if [Plaintiff] do[es] not make payment or satisfy payment arrangements." *Id.* (emphasis added). Defendant, on the other hand, argues that the sentence "a lawsuit may be started" means that "if no response was received by the debtor, [Defendant] would pursue further legal action on behalf of Dr. Silver." (ECF No. 35-4, at 9). Defendant argues that "the lease [sic] sophisticated debtor would not be deceived or mislead by Mr. Weiner's March 28, 2012 letter." (ECF No. 35-4, at 1).

"Abuses by attorney debt collectors are more egregious than those of lay collectors because a consumer reacts with far more duress to an attorney's improper threat of legal action than to a debt collection agency committing the same practice. A debt collection letter on an attorney's letterhead conveys authority and credibility." *Crossley v. Lieberman*, 868 F.2d 566, 570 (3d Cir. 1989). The Court must read a collection notice "in its entirety" – including the subject line and text – to determine whether the body of the letter clarifies any suggestion that a lawsuit is pending in other parts of the letter. *Philip v. Sardo & Batista, P.C.*, CIV.A. 11-4773 (SRC), 2011 WL 5513201, at *5 (D.N.J. Nov. 10, 2011); *see also Pipiles v. Credit Bureau of*

---

[1] Plaintiff also claims Defendant violated § 1692e(3). Section 1692e(3) prohibits "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3). Plaintiff admits, however, that Defendant is an attorney and Plaintiff does not contest that Defendant's letter was from an attorney. (Complaint at 2, 5). Therefore, this Court grants summary judgment in favor of the Defendant regarding the § 1692e(3) claim.

7

*Lockport, Inc.,* 886 F.2d 22, 25 (2d Cir. 1989) (considering "[t]he clear import of the language, taken as a whole" in determining whether the communication threatens "that *some* type of legal action has already been or is about to be initiated and can be averted from running its course only by payment.").[2]

Here, a reasonable juror could find that the debt collection letter, read in its entirety, gives an impression of a lawsuit's existence. The letter is written on attorney letterhead, includes the caption "William Silver, M.D. v. Edward Feuerstack" and begins with the statement "I am the attorney for William Silver, M.D. in regard to the above-entitled matter. . . ." (ECF No. 35-13). Defendant's opening line of the letter potentially reinforces the message of a pending lawsuit because the phrase "above-entitled matter" refers back to the subject line and might confuse a reader into thinking that the litigation matter has already begun. Moreover, the letter states that: "A lawsuit *may* be started if you do not make payment or satisfactory payment arrangement. Such legal action *will* result in additional expenses to you, which may include court costs, Sheriff's fees, Process Server fees, and other disbursements of a like nature." (ECF No. 35-13) (emphasis added). The letter can be reasonably read to have two or more different meanings, one of which is that a lawsuit has already been filed. A reasonable juror could therefore conclude that, to the least sophisticated debtor, Defendant's letter falsely represented the legal

---

[2] Both Plaintiff and Defendant argue that the question of whether language in a collection letter violates the FDCPA is a question of law. (ECF No. 35-4, at 7; ECF No. 36, at 4). Neither Plaintiff nor Defendant, however, brings any support for this rule. While the question of whether language in a collection letter contradicts or overshadows a validation notice is a question of law, *Quadramed*, 225 F.3d at 353, neither party shows that this rule applies more broadly. In fact, courts have held that material fact issues exist when language in a collection letter is unclear as to whether a debt collection letter threatens legal action and whether that legal action was intended against the debtor. *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1177-78 (11th Cir. 1985) ("[W]e are confident that whether the 'least sophisticated consumer' would construe [the debt collector's] letter as deceptive is a question for the jury.").

status of the debt in violation of § 1692e(2)(a), threatened unintended legal action in violation of § 1692e(5), or used deceptive means to collect a debt in violation of § 1692e(10).

Defendant argues that this case is analogous to *Philip*, in which this Court held that a debt collector letter did not violate 15 U.S.C. § 1692e because the body of the letter corrected any ambiguity that arose from the subject line of the letter. 2011 WL 5513201, at *5-*6. In that case, the subject line, like here, used "vs." between the parties' names, suggesting that a lawsuit was already pending. *Id.* at *5. Yet, the first line of the letter stated: "The above *account* has been turned over to this office for *collection*," emphasizing that the author of the letter was a debt collector, rather than emphasizing his position as an attorney. *Philip v. Sardo & Batista,* Civil No. 11-4773, ECF Document #1, filed on Aug. 18, 2011 (emphasis added). Moreover, the letter clearly stated that "[u]nless, I receive a check . . . within thirty (30) days after you receive this letter, suit will be initiated against you in the appropriate court and the amount due will be increased by court costs, attorney's fees, and interest as may be permitted by Law." *Id.* The Court thus held that "even by the unsophisticated consumer standard, 'will institute suit' is more than sufficient to negate any confusion arising from the subject line of the letter." *Philip*, 2011 WL 5513201, at *5.

Here, in contrast to *Philip,* a reasonable juror could conclude that the body of the letter does not cure the impression of an existing lawsuit, but actually reinforces that message. Aside from the implication created by subject line "William Silver, M.D. v. Edward Feuerstack" and the attorney letterhead, Defendant specifically identifies himself as an attorney in the first sentence of the letter – not as a debt collector, as in *Philip*. Defendant refers to the "above-entitled matter" and his "client," which could further mislead the least sophisticated debtor into believing that a lawsuit had been initiated. These references in connection with the adversarial

9

connotation of the subject line strongly suggest the present existence of a lawsuit. The statement that a lawsuit "may" be started is inconsistent with the earlier suggestion that a suit had already been initiated. While it is possible that a consumer *might* read its language as indicating that a lawsuit had not yet been filed, a reasonable juror could nevertheless find that the letter misleads the least sophisticated debtor into believing that a lawsuit has already been filed. Therefore, this Court denies Defendant's motion for summary judgment with regard to FDCPA §§ 1692e(2)(a), 1692e(5), and 1692e(10). This Court also denies Plaintiff's cross-motion for summary judgment, as he has not demonstrated that there is no genuine factual dispute as to whether the letter would mislead the least sophisticated debtor.

### 2. Section 1692d

Plaintiff argues that because the letter conveys that litigation has commenced, it violates § 1692d. Defendant, on the other hand, argues that he did not violate § 1692d because the conduct prohibited by § 1692d includes "threats or use of violence, obscene language, or abusive telephone calls," none of which is alleged. (ECF No. 35-4, at 7).

Section 1692d states that "[a] debt collector may not engage in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt" and enumerates a non-exhaustive list of practices considered harassing, oppressive, or abusive. 15 U.S.C. § 1692d. The list of prohibited behavior includes:

> (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.
> (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.
> (3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title.
> (4) The advertisement for sale of any debt to coerce payment of the debt.

>(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
>(6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d. Courts generally allow juries to determine whether debt collector conduct is considered annoying, abusive, or harassing. *Derricotte v. Pressler & Pressler, LLP*, CIV.A. 10-1323, 2011 WL 2971540, at *3 (D.N.J. July 19, 2011) (citing *Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1179 (11th Cir. 1985)). Nevertheless, if the debt collector's conduct "has—or does not have—the natural consequence of harassing, oppressing or abusing the consumer as a matter of law," summary judgment is appropriate. *Dericotte,* 2011 WL 2971540, at *3 (citing *Regan v. Law Offices of Edwin A. Abrahamsen & Assocs.,* CIV.A. 08-5923, 2009 WL 4396299, at *6 (E.D.Pa. Dec. 1, 2009)). "Deception or falsehood alone . . . is wholly different from the conduct condemned in subsections (1) through (6) of § 1692d." *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179-80 (11th Cir. 1985). Therefore, even if a letter that threatens to sue a consumer may violate § 1692e, it does not necessarily violate § 1692d. *Id.*

Here, the record lacks evidence that Defendant engaged in the conduct proscribed by the statute; he did not use violence or obscene language, publish any list or advertisement, or make repetitive phone calls to Plaintiff. Defendant sent a debt collection letter that may have threatened suit to the least sophisticated debtor, but this letter does not have the "natural consequence of harassing, oppressing or abusing" the consumer. Even though this is potentially deceptive conduct under § 1692e, no reasonable juror could find this conduct to be abusive under § 1692d. This Court therefore grants summary judgment for Defendant and denies Plaintiff's cross-motion for summary judgment with regard to the § 1692d claim.

### 3. Section 1692f

Plaintiff argues that Defendant's letter uses "unfair or unconscionable means to collect or attempt to collect" the debt, in violation of 15 U.S.C. § 1692f.  Section 1692f enumerates a list of prohibited conduct that is considered "unfair and unconscionable."  Threatening litigation is not one of the prohibited actions listed.  Section 1692f "allows a court to sanction improper conduct the FDCPA fails to address specifically."  *Turner v. Prof'l Recovery Servs., Inc.*, 956 F. Supp. 2d 573, 580 (D.N.J. 2013) (citing *Adams v. Law Offices of Stuckert & Yates,* 926 F.Supp. 521, 528 (E.D.Pa. 1996)).  "Accordingly, [c]ourts have . . . routinely dismissed § 1692f claims when a plaintiff does not identify any misconduct beyond that which [he] assert[s] violate[s] other provisions of the FDCPA."  *Ali v. Portfolio Recovery Associates, LCC*, CIV. 13-4531 (KM), 2014 WL 1767564, at *4 (D.N.J. May 2, 2014) (citing *Corson v. Accounts Receivable Mgmt., Inc.*, 13-01903 JEI/, 2013 WL 4047577, at *21 (D.N.J. Aug. 9, 2013)).  Plaintiff does not allege unfair or unconscionable conduct that is not already addressed by his § 1692e claims, and thus his § 1692f claims are redundant.  This Court therefore grants summary judgment in favor of Defendant regarding the § 1692f claim and denies Plaintiff's cross-motion regarding the same claim.

### 4. Section 1692j

Plaintiff finally argues that Defendant violates 15 U.S.C § 1692j by mentioning a lawsuit in his debt collection letter.  According to § 1692j(a),

> It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

15 U.S.C § 1692j(a).  Nevertheless, "attorneys who, *inter alia*, litigate collection actions are debt collectors under the FDCPA."  *Bock v. Pressler & Pressler, LLP*, CIV. 11-7593 (KM MCA), 2014 WL 2937929, at *7 (D.N.J. June 30, 2014), as corrected (July 1, 2014), as corrected (July 7, 2014) (citing *Heintz v. Jenkins,* 514 U.S. 291, 294 (1995)).  Here, Plaintiff concedes in his Complaint that "Upon information and belief, Weiner is primarily in the business of collecting debts allegedly due to another and is therefore a 'Debt Collector' as that term is defined by 15 U.S.C. § 1692a(6)."  (Complaint at 2).  Defendant was thus clearly participating in the collection of the debt and did not give a false impression that he was participating.  This Court grants summary judgment for the Defendant, and denies Plaintiff's cross-motion for summary judgment, regarding the § 1692j claim.

### b.  Defendant's Lack of Admission to Practice Law in New Jersey

Plaintiff claims that the letter violates the FDCPA because it gave a false impression that a lawsuit would begin in New Jersey when Defendant did not have the authority to take legal action in New Jersey.  (Complaint at 6).  Plaintiff contends that because Defendant is not admitted to practice law in New Jersey, [3] Defendant's letter violates § 1692d, § 1692e, and § 1692f.  Defendant moves for summary judgment and Plaintiff cross-moves.

This Court grants Defendant's motion with regard to the specific conduct for two reasons.  First, Defendant's letter never specifies that the legal action will take place in New Jersey, and thus it cannot be said that the letter deceptively informed Plaintiff that a lawsuit had been or would be filed in New Jersey.  *See* ECF No. 35-13.  Next, Plaintiff lacks a legal basis for his

---

[3] Defendant concedes that he is not admitted to practice law in New Jersey.  (ECF No. 35-4, at 9).

13

argument.[4] Plaintiff points to no statutory provision or precedential cases providing that there is a violation of the FDCPA when an attorney sends a debt collection letter to a debtor residing in a jurisdiction where the attorney is not admitted.[5] Plaintiff lacks a legal basis to show that this practice "harass[es], oppress[es], or abuse[s]" the debtor in violation of § 1692d, that it is "false, deceptive, or misleading" in violation of § 1692e, or that is "unfair or unconscionable" in violation of § 1692f. Therefore, this Court denies Plaintiff's cross-motion for summary judgment and grants Defendant's motion for summary judgment regarding the issue of whether Defendant deceptively claimed a lawsuit could be started in New Jersey when he was not admitted to practice in New Jersey.

### c. The Improper Notice Claim

Section 1692g(a) sets forth the information that must be included in a debt collection notice:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
> (1) the amount of the debt;

---

[4] Defendant argues that Dr. Silver could have filed suit in New Jersey by hiring local counsel to work with Defendant in pursuing legal action against Plaintiff in New Jersey or that Defendant could have moved to be admitted *pro hac vice*. Defendant also argues that Defendant could have filed suit in New York because Defendant is a licensed attorney in New York and there was a contract signed for the doctor's services in New York. *See* ECF No. 35-4. These arguments appear to be valid and provide an additional basis for granting Defendant's motion.

[5] Plaintiff cites the non-binding decision in *Rosa v. Gaynor*, 784 F. Supp. 1 (D. Conn. 1989) to argue that "a debt collector's letter may be considered deceptive when it threatens legal action by a lawyer not admitted in the jurisdiction where the Plaintiff resides." (ECF No. 36, at 6). Plaintiff's reliance on *Rosa* is misplaced. The letter in *Rosa* specifically suggested the locations where a lawsuit could be filed by stating: "any remedy may be filed against you that is available to attorneys in your area." *Id.* Here, the letter makes no mention of where the lawsuit could be filed, and therefore does not deceptively suggest that a lawsuit could be filed in a particular jurisdiction. Furthermore, the objection of representation in *Rosa* focused on the false impression of an *immediate* lawsuit, rather than the jurisdictional issue. *Id.*

>(2) the name of the creditor to whom the debt is owed;
>(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). Plaintiff asserts that Defendant violated 1692g(a)(4) by failing to notify Plaintiff that Plaintiff could submit a written request to Defendant to provide verification of the debt within a specified time period. (Complaint at 6).

Plaintiff's argument lacks merit because Defendant attached a copy of an invoice, authenticating the amount being collected and the creditor's name, without Plaintiff's request. Defendant did not violate the statute by failing to notify Plaintiff that he could request verification, because Defendant sent verification even without Plaintiff's request. Plaintiff does not dispute this in his reply brief or cross-motion. *See* ECF No. 36. "[U]nsupported . . . pleadings are insufficient to repel summary judgment." *Schoch*, 912 F.2d at 657. Therefore, there is no material fact at issue, and this Court grants Defendant's motion for summary judgment regarding Plaintiff's § 1692g improper notice claim.

## CONCLUSION

For all of the forgoing reasons, the Court denies in part and grants in part Defendant's motion for summary judgment and denies Plaintiff's cross-motion for summary judgment. Specifically, both Plaintiff's and Defendant's motions will be denied as to the 15 U.S.C. §§ 1692e(2)(a), 1692e(5), and 1692e(10) claims. Defendant's motion will be granted as to the claims pursuant to 15 U.S.C. §§ 1692e(3), 1692d, 1692f, 1692g, and 1692j.

An appropriate Order accompanies this Opinion.

___s/ Stanley R. Chesler_____
**STANLEY R. CHESLER**
United States District Judge

Dated: July 22, 2014